UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL ALAN HILEMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-cv-01848-SNLJ |
| JOSEPH ALVAREZ, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of a document filed by pro se plaintiff Paul Alan Hileman that has been construed as a civil action pursuant to 42 U.S.C. § 1983. The complaint is deficient because it has not been filed on a Court form. Moreover, plaintiff has not paid the filing fee or filed a motion to proceed in forma pauperis. As such, plaintiff will be directed to file an amended complaint pursuant to the instructions set forth below. He will also be ordered to either pay the full filing fee or submit a motion to proceed in forma pauperis, along with a copy of his inmate account statement.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that

requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant currently incarcerated at the Lee County Jail in Fort Madison, Iowa. (Docket No. 1 at 1). He has filed a handwritten document that he titles "an emergency lawsuit."[1] The complaint is not on a Court form and plaintiff has neither filed a motion to proceed

---

[1] Plaintiff notes that a prior lawsuit he filed was dismissed without prejudice. *Hileman v. Alvarez*, No. 4:19-cv-62-PLC (E.D. Mo. Jan. 22, 2019). This lawsuit was dismissed following plaintiff's motion to withdraw his complaint.

2

in forma pauperis nor paid the filing fee. He names Joseph Alvarez and Victoria Pederson as defendants. He does not state the capacity in which they are sued.

Plaintiff's complaint is disorganized and difficult to follow. He begins by stating that in the early 1980s, when he was a juvenile, he stole an automobile from Youngs Auto Mart in Fort Madison, Iowa. (Docket No. 1 at 2). He further states that he "beat up" defendant Alvarez "in a wrestling match type fight" after Alvarez threatened him on the school bus. Plaintiff goes on to state that the "Youngs made things personal with plaintiff" after he stole the car.

Next, plaintiff states that defendant Victoria Pederson is a psychiatrist at the Iowa State Penitentiary. He alleges that she made things "personal (illegally)" with him, due to the fight plaintiff had with defendant Alvarez.

The remainder of plaintiff's "Statement of Facts" appears to concern an unidentified "suspect" and a "federal investigation." Plaintiff states that at 5:30 p.m. on April Fool's Day in 2017, he was "successfully questioned, then released, by federal authorities." He asserts this occurred outside of a Walmart in Waterford, Connecticut, in front of everyone. Plaintiff then states that he "found himself in hot pursuit of two white sheriff's deputy vehicles." These two sheriff's department vehicles were to "deliver the suspect to federal authorities." (Docket No. 1 at 2-3). The end result of this "hot pursuit" was a "string of false arrests and imprisonments, as well as other things along the way." (Docket No. 1 at 3).

Plaintiff does not seek any specific relief from the Court.

### Discussion

Plaintiff has filed a document with the Court that has been construed as a complaint pursuant to 42 U.S.C. § 1983. The complaint is deficient because it does not appear on a Court form. Moreover, plaintiff has not shown that defendants violated his constitutional rights while

3

acting under color of state law. Indeed, it is difficult to determine exactly what plaintiff is alleging the defendants did or did not do to harm him. The Court is also unsure as to where these events took place for venue purposes, as he mentions both Iowa and Connecticut. Because plaintiff is proceeding pro se, he will be allowed to amend his complaint according to the instructions set forth below.

Plaintiff should type or print his complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). The Court notes that plaintiff's handwriting is at times nearly illegible. If he is unable to type the complaint, he is advised to *print* his allegations as carefully and neatly as possible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should fill out the form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating

that § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff is advised that he needs to make clear *when* the events took place and *where* the events took place.

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an

original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

Plaintiff must also either pay the filing fee or file a motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1). If plaintiff files a motion to proceed in forma pauperis, he must include a copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2). If plaintiff fails to pay the filing fee or file a motion to proceed in forma pauperis within thirty days, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order. Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a motion to proceed in forma pauperis, along with a certified inmate account statement, within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, the Court will dismiss this action without prejudice and without further notice. If the case is dismissed for noncompliance with this order, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

Dated this 2nd day of July, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE